# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

August 11, 2011

Robert A. Fagella, Esq.
Zazzali, Fagella, Nowak, Kleinbaum & Friedman, PC
One Riverfront Plaza
Newark, New Jersey 07102
    (*Attorney for Petitioner*)

Edward P. Lynch, Esq.
Day Pitney LLP
P.O. Box 1945
Morristown, NJ 07962
    (*Attorney for Respondent*)

    **RE:**   **International Brotherhood of Teamsters Local Union 177 v. United Parcel Service, Inc., Civ. No. 11-180 (WJM)**

Dear Counsel:

    This matter concerns an arbitration award issued by Robert E. Light on October 27, 2010, denying Petitioner International Brotherhood of Teamsters Local Union 177's (the "Union") grievances and ruling in favor of Respondent United Parcel Service, Inc. ("UPS").  Currently before the Court is Petitioner's motion to vacate the arbitration award.  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons that follow, Petitioner's motion to vacate the arbitration award is denied.

**I.**     **BACKGROUND**

    The Union and UPS are parties to a series of collective bargaining agreements (the "CBA"). (Pet. ¶ 6.)  The Union filed various grievances in late 2005 regarding the conduct of UPS in assigning overtime work.  These grievances involved the right of employees assigned to the preload shift at the UPS Meadowlands "hub" to be equally

eligible with employees on the other three shifts (day, twilight and midnight) to perform overtime work on Sundays during peak holiday season. (Pet. ¶ 9.) The Arbitrator conducted five days of hearings in 2009-2010, where testimony was taken from numerous Union members and representatives of UPS, and where hundreds of pages of documentary evidence were submitted. (Pet. ¶ 12.) The Arbitrator's award, in favor of UPS, was allegedly based on undisputed testimony by the Union that it had previously agreed with UPS. (Pet. ¶ 15.) Specifically, the Arbitrator stated that the case "really comes down to" whether, in a particular meeting, the parties agreed to staff the Sunday time slots with the other, non-preload employees, and agreed that preload employees would only be offered those slots if UPS did not have enough other employees willing to fill them. (Pet. ¶ 16.) The Union argues that no such testimony was presented, and that instead Union representatives testified that at said meeting, the parties "had agreed to disagree." (Pet. ¶ 18.) As such, the Union filed the instant petition to vacate the arbitration award on January 11, 2011.

## II.   LEGAL STANDARD

Petitioner bears the burden of showing this Court why the arbitration award at issue should be vacated. *Handley v. Chase Bank*, 387 Fed. Appx. 166, 168 (3d Cir. 2010) (citing *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003)) ("The party seeking to overturn an award bears a heaving burden as these are 'exceedingly narrow circumstances.'"). Arbitration awards are entitled to extreme deference and are generally presumed correct, requiring a party seeking to vacate an arbitration award to clear a "high hurdle." *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1767 (U.S. 2010). Even where the Court feels the arbitrator made a serious factual or legal error, this alone is not enough to support vacatur. *Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs,* 357 F.3d 272, 279-80 (3d Cir. 2004), *cert. denied*, 543 U.S. 1049 (2005). Instead, Section 10(a) of the Federal Arbitration Act ("FAA") provides that a court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrator;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The Third Circuit has further recognized that an arbitration award may be vacated where: (1) the award is completely irrational; (2) the arbitrator shows "manifest disregard" for the law; or (3) the award violates "clearly defined and dominant public policy." *See TQM Constr. Co. v. N.J. Bldg. Constr. Laborers Dist. Council, Local 394*, Civ. No. 11-831, 2011 U.S. Dist. LEXIS 37222, *7-*8 (D.N.J. Apr. 4, 2011) (providing an overview of the relevant Third Circuit case law).

## III.   DISCUSSION

Petitioner argues that the arbitration award should be vacated for two reasons: (1) since the Arbitrator based his decision on a "non-existent fact," he exceeded his powers and/or so imperfectly executed them in violation of 9 U.S.C. § 10(a)(4); and (2) the Arbitrator showed a "manifest disregard" for the terms of the collective bargaining agreement by failing to draw from it in determining the award. The Court will address these arguments in turn.

An arbitration decision may be vacated under 9 U.S.C. § 10(a)(4) only when the arbitrator "strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice.'" *Major League Baseball Players Assn. v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam) (*quoting Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)). In support of its allegation that the Arbitrator violated 9 U.S.C. § 10(a)(4), the Union claims that the Arbitrator "ignored" five days of testimony, and the evidence submitted, in reaching his conclusions. UPS, however, argues that the Arbitrator did properly weigh the evidence in front of him, and simply found that the Union was unable to produce evidence that UPS had used pre-loaders in Sunday staffing before. Furthermore, UPS claims that since all agreed the CBA lacked clarity on this issue, the Arbitrator properly relied on the testimony by UPS witness Sal Messina that in November 2003, it was agreed that preloaders would only be used for Sunday shifts if other employees were not available. The Union counters that its witnesses did not testify to any such meeting in November 2003. However, contrary to the Union's assertions, Sal Messina did provide such testimony regarding the meeting, and one Union witness, Paul Youngclaus, provided testimony that he was told some such agreement existed. (Arbitrator's Op. and Award, at 10.) Combining these testimonies, the Arbitrator concluded that such testimony was credible. As he states in the Opinion, "what this case really comes down to is what was agreed or not agreed to respecting a meeting that Sal Messina held in November 2003 with Union officials Purdue and Palumbo." (*Id.*) In order to answer this question, the Arbitrator relied on Sal Messina's testimony to glean what was discussed at the meeting, and then looked to the Paul

Youngclaus's testimony that he had heard such an agreement was reached to further corroborate Messina's testimony. Therefore, the Court finds that the Arbitrator properly relied on facts and evidence presented during the hearings to support his decision, and that Petitioner has failed to clear the "high hurdle" required to show that the Arbitrator "exceeded his powers" in violation of 9 U.S.C. § 10(a)(4).

The Union further argues that the award should be vacated because the Arbitrator showed a "manifest disregard" for the applicable CBA. In order to establish "manifest disregard" for a CBA, a party must show that the arbitrator's award is "'totally unsupported by principles of contract construction.'" *Exxon Shipping Co. v. Exxon Seamen's Union*, 993 F.2d 357, 360 (3d Cir. 1993) (quoting *News Am. Publications v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990)). Here, the Union claims that by relying on the alleged "testimony" that there was an agreement back in November 2003 to exclude the preload shift employees from the Sunday overtime staffing, the Arbitrator avoided having to interpret contract language that all agree is not the "model of clarity," and also failed to address the applicability of past practices. However, UPS points out that the Arbitrator did address these issues. For example, he specifically found that the evidence demonstrated that in the past, preload employee participation in Sunday overtime staffing was exactly as UPS contended (*i.e.*, they only worked those shifts to the extent the other employees could not). (Arbitrator's Op. and Award, at 11.) Furthermore, all parties seem to agree that the contract itself was unclear as to this issue, and therefore the Arbitrator felt he had to look outside the CBA to properly make his decision. As such, Petitioner has failed to show that the Arbitrator's interpretation of the CBA was "totally unsupported" by general contract principles.

### III.   CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate the arbitration award is **DENIED**. An Order follows this Letter Opinion.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**